# Robert T. Ruth
# Law Offices, S.C.

**608-257-2540**

7 N. Pinckney Street, Suite 240, Madison, Wisconsin 53703
E-mail: rob@madisonattorney.com
Fax 608-257-4005

*Attorneys at Law*

Robert T. Ruth
Lucille A. Ruth

January 4, 2022

The Honorable James Peterson
U.S. District Judge
120 N. Henry Street
Madison, WI  53703

    Re:   *US v. Richard Duellman*,
           20-CR-98

Dear Judge Peterson:

Under Rule 11(c)(1)(C), the parties jointly recommend a sentence of ten years prison, plus five years of supervised release.  As explained in the plea agreement, this recommendation is "based on an individualized assessment of the defendant and the factors set forth in 18 U.S.C. sec. 3553(a)."

    1.     Guidelines

The Guidelines, as calculated by the PSR, propose a sentence of 168-210 months.  At the low end, that is 48 months above the sentence recommended by the parties.  The Guidelines, however, include a two level bump under § 2G1.3(b)(3)(A) for use of a computer to communicate with a minor.  There might have been a time when these offenses were committed without the use of a computer and the use of a computer qualified as an aggravating factor.  In the present era, however, virtually all of these types of cases involve the use of a computer.  Thus, the use of a computer does not meaningfully aggravate the offense.  Without these two levels, the recommended Guidelines

1

range drops to 135 to 168. In other words, at the low end, the more realistic Guideline range is only 15 months above the joint recommendation.

The addendum to the PSR is correct about one of Duellman's objections, but still wrong about the other. Duellman concedes that the PSR establishes that the present offense was "perpetrated against a minor" for purposes of § 4B1.5(b)(1) and withdraws that part of his objection. He persists, however, in his assertion that the PSR does not establish sufficient facts to prove that Duellman engaged in a "pattern of activity involving prohibited sexual conduct."

The PSR wants the court to rely on unsupported, disputed and ultimately abandoned allegations in two previous state court criminal cases as a basis for finding that the government proved that Duellman "engaged in prohibited sexual conduct with a minor on at least two separate occasions." In Oneida County case number 01-CF-71, based on the same allegations of sexual contact alleged in the presentence report, Duellman was charged with second degree sexual assault of a child. For reasons not mentioned in the PSR, the prosecutor dismissed the second degree sexual assault charge and Duellman pleaded guilty to fourth degree sexual assault. Of course, fourth degree sexual assault does not include any element of sexual contact with a minor. The PSR is essentially asking the court to assume that the allegations in the complaint about sexual contact with a minor are true, notwithstanding the fact that the prosecutor dismissed the charge that depended on those allegations. There is simply not enough evidence to establish the alleged sexual contact with a minor by a preponderance of the evidence.

The same holds true for the allegations about sexual contact with a minor in Price County case number 13-CF-14. The Price County District Attorney originally charged Duellman with Second Degree Sexual Assault of a Child based on the allegation that Duellman engaged in multiple acts of sexual contact with a minor. That charge was dismissed and Duellman pleaded guilty to child enticement, which does not allege sexual contact with a minor. Just like in the Oneida County case, the PSR is asking the court to assume that the allegations in the complaint about sexual contact with a minor are true, notwithstanding the fact that the prosecutor dismissed the charge that depended on those allegations.

I recognize that in criminal cases the parties sometimes plea bargain away charges even when there is a factual basis for the charge. So, I do not contend that the mere fact that the sexual contact charges were dismissed proves that the allegation about sexual contact are false. But, when it comes to disputed allegations in a presentence report, the government bears the burden of proof by a preponderance of the evidence. The recitation of allegations made in connection with dismissed charges, without more, is not enough to establish the facts necessary to support a guideline enhancement by a preponderance of the evidence.

I also recognize that even if the five-level bump under § 4B1.5(b)(1) does not apply, Duellman's criminal history may suggest a sexual interest in minors. Even though Duellman has never been convicted of a charge that involves sexual contact with a minor, Clark County case number 13-CF-108 involved nude images from a 14 year old girl, Price County case number 13-CF-14 involved child enticement and Mille Lac District Court case number 48-CR-13-2001 involved nude images of a minor. This sort of history may aggravate the offense, but not so much as to require a five-level bump in the offense level.

2.  Nature, Circumstances and Seriousness of the Offense

The offense carries a mandatory minimum ten years prison, so it is clear that the legislature considers it serious. The offense is aggravated by Duellman's record, which may suggest a sexual interest in minors. The offense, however, is mitigated by the fact that no child was ever exposed to any harmful materials in this case, nor was any child at risk of sexual contact. Also, the offense is mitigated by the fact that even though the evidence shows that Duellman may have thought that he was arranging a rendezvous with a minor, when it came down to it, Duellman declined to go through with it. When Duellman showed up at the meet location, he stayed in his vehicle, lied to the UC about what he was driving, and then eventually drove away on his own.

3.  History and Characteristics of the Defendant

Duellman has a long history of prosocial behavior. He has always worked and supported himself. His most recent job paid $25.61 per hour. He has no history of violence. He also helps support his elderly father and his invalid mother.

Officers found Duellman's stash of marijuana during the execution of the search warrant, but it was nothing more than a plastic baggie containing a small amount of marijuana consistent with personal use. Duellman used alcohol and marijuana regularly around the time of his arrest. This may have contributed to poor decision making, but it does not look like his use of marijuana and alcohol use ever reached the level of being a serious problem. He always went to work and otherwise kept up with his responsibilities.

Duellman's criminal record may suggest a history of sexual interest in minors. It is important, however, to keep this in perspective. At this point in his life, Duellman is not a reckless libertine. At worst, he is a conflicted man tempted by sexually mature minor females, with a conscience that tells him that a liaison with any minor is wrong. Keep in mind that in the present case Duellman did not start out by looking for a minor. He was on a site for adults. When he first made contact with the undercover officer, the undercover represented that he was a 19 year old woman. When the undercover later indicated that he was a 15 year old girl, Duellman said things like, "tell me your old enough then," "Say your over 18" and "I definitely want sex if your old enough." This is clearly a conflicted man who is tempted, but trying to talk himself out of engaging with a minor. And much to Duellman's credit, just before the arranged meeting, Duellman's conscience won the battle and Duellman left without meeting up with the alleged 15 year old girl.

It is also important to note that Duellman expresses an interest in treatment and therapy in prison. This fact, along with the fact that Duellman's conscience ultimately won out in the present case, powerfully suggests that Duellman is a good candidate for rehabilitation.

4. Education and Correctional Treatment and Protection of the Public

The jointly recommended sentence of ten years concurrent means that after service of the remainder of the state sentence and good time on the federal sentence, Duellman will serve about five years in federal prison. This is more than enough time to participate in sex offender treatment in the BOP. The recommended five years of supervised release makes sure that the court has the authority to require outpatient treatment for any concerns that remain after Duellman's release.

Whether Duellman needs alcohol or drug treatment is not clear. Duellman reports that he used alcohol and marijuana in large quantities in high school. He resisted drugs and alcohol for most of his adult life, but admits to regular use of alcohol and marijuana around the time of the offense. The marijuana use is corroborated by the fact that officers found a small amount of marijuana in Duellman's property at the time of the search warrant. It is not clear whether this drug and alcohol use contributed to the offense. In order to determine if marijuana or alcohol is a factor in Duellman's decision making, I propose that you recommend that Duellman participate in an alcohol and other drug assessment so that the BOP can decide if Duellman needs RDAP.

5.   Adequate Deterrence

A ten year prison sentence, plus five years of supervision, provides more than enough specific and general deterrence for Duellman and anyone else contemplating such an offense.

I appreciate your attention in this matter.

>Sincerely,
>
>Robert T. Ruth
>Law Offices, S.C.
>
>By:   /s/
>Robert T. Ruth

CERTIFICATE OF SERVICE

I certify that I served a copy of this document on the government via ECF.

>/s/
>Robert T. Ruth